IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01613-EWN-MEH

MORRIS L. REED,

    Plaintiff,

v.

CITY OF FRUITA, COLORADO,

    Defendant.

---

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants Motion to Dismiss [Docket #13]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion.

**I.  Facts**

Plaintiff alleges that was arrested on March 6, 1997, and convicted on December 5, 1997, of second degree assault on an officer and resisting arrest. On November 1, 2004, the Colorado Court of Appeals overturned his conviction, and on July 21, 2005, the charges against Plaintiff were dropped. Plaintiff filed this action on July 31, 2007, but argues that his Complaint was mailed to the Clerk's Office prior to that date and received on July 19, 2007. *See* Dock. #3. Plaintiff asserts Fourth Amendment violations for false arrest, false imprisonment, and malicious prosecution; Sixth Amendment violations for withholding impeachment evidence against the arresting officer and witness statements favorable to Plaintiff; and Fifth Amendment due process and Fourteenth Amendment equal protection violations for a "deal" that Plaintiff's attorney made with Defendant's attorney.

Defendant filed the instant Motion to Dismiss on the grounds that the statute of limitations has run for all of Plaintiff's claims, thereby rendering the Complaint time-barred. Defendant relies on the two-year statute of limitations for constitutional claims brought pursuant to 42 U.S.C. § 1983 and argues that the operative date is November 1, 2004, the date upon which Plaintiff's conviction was overturned.

In response, Plaintiff contends that the statute of limitations did not begin to run until the charges against him were dropped on July 21, 2005, because this is the date that the criminal proceedings were terminated in his favor. Dock. #18 at 2. Plaintiff also asserts that a three-year statute of limitations applies to his claim and further points out that his Complaint was mailed to the Clerk's Office prior to July 31, 2007, the date it was entered on the record. Plaintiff later filed a supplemental Response, titled "Answer to Courts Question about not filing for 3yrs after Conviction overturned," in which he claims that he suffers from post-traumatic stress disorder and certain mental disorders that limited his ability to file his Complaint at an earlier date.

**II.      Discussion**

    **A.      Legal Standard for Motion to Dismiss**

A motion to dismiss should be granted only if the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In doing so, all well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citations omitted). This minimal standards requires the plaintiff to establish "a reasonable likelihood

of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

B.     **The statute of limitations for Plaintiff's claims**

As an initial matter, the Court will address the applicable limitations period. Plaintiff relies on case law addressing a statute that has been repealed to assert a three-year statute of limitations. *See McKay v. Hammock*, 730 F.2d 1367, 1370 (10th Cir. 1984) (relying on C.R.S. § 13-80-108(1)(b) (1973), Colorado's residuary statute with a three-year statute of limitations). While Plaintiff is correct that the courts look to state law for the applicable statute of limitations for a Section 1983 claim, Colorado law now has a two-year statute of limitations for personal injuries, which applies to Plaintiff's claims. *See Williams v. Shields*, 77 Fed. Appx. 501, 503 (10th Cir. 2003) (applying the forum state's personal injury statute of limitations); C.R.S. § 13-80-102 (providing a two-year statute of limitations for personal injury actions).

A federal cause of action, such as that alleged in Plaintiff's complaint, accrues "when the plaintiff has 'a complete and present cause of action.'" *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct.

3

1091, 1095 (2006) (citations omitted). This occurs when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "[T]he statute of limitations commences to run, when the wrongful act or omission results in damages. . . The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 127 S. Ct. at 1097 (citations omitted). In other words, the statute of limitations begins to run once "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997).

### 1. False arrest and false imprisonment

The Supreme Court considered a similar claim as the one presented here in *Wallace v. Kato*. 127 S. Ct. 1091. The Court rejected the argument that the claim did not accrue until the plaintiff was released from custody and concluded that the claim accrued "when legal process was initiated against him." *Id.* at 1096. In so holding, the Court pointed out that claims for false arrest and false imprisonment are claims for arrest and detention without proper legal process, such as Plaintiff's claim here. Once the legal process commences, the false arrest and false imprisonment claims end. "We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial." *Id.* at 1097. At that time, a claim for malicious prosecution may arise, which Plaintiff also advances and which will be discussed below. For this reason, Plaintiff's claims for false arrest and false imprisonment accrued in 1997 and are now clearly time-barred. *Meadows v. Whetsel*, 227 Fed. Appx. 769, 772 (10th Cir. 2007).

### 2. Malicious prosecution

Plaintiff's malicious prosecution claim is based on his prosecution and resulting imprisonment

4

after his conviction. This claim could not be brought when it could invalidate an outstanding criminal conviction because a section 1983 claim cannot be used to collaterally attack a valid sentence. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Thus, a prerequisite to Plaintiff's claims was the reversal or invalidation of Plaintiff's conviction. For this reason, Plaintiff argues that the criminal proceedings did not end in his favor until the charges were dismissed with prejudice. This expansive reading of the statute of limitations is not supported by case law, and the Court must reject it. As the Supreme Court has noted, the bar to Plaintiff proceeding on a claim that would attack the validity of his conviction is lifted once "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

In the absence of a conviction, the Tenth Circuit has held that if charges are pending, a claim cannot be brought until the charges are dismissed. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). The purpose for waiting until dismissal is to establish that the state courts have essentially called into question or invalidated the pending charges. In this case, this invalidation occurred when Plaintiff's conviction was reversed, because once the Colorado Court of Appeals reversed Plaintiff's conviction, a section 1983 claim would no longer attack a valid conviction. Thus, the accrual date for Plaintiff's section 1983 claim for malicious prosecution was the date the conviction was overturned, November 1, 2004. Plaintiff's claims are, therefore, time-barred.

### 3. Withholding evidence, due process, and equal protection claims

Likewise, Plaintiff's claims based on conduct prior to or at trial, including withholding witness statements and the "deal" between his attorney and Defendant's attorney, could accrue no later than the date his conviction was overturned. Some of Plaintiff's claims may have been brought

immediately after the trial.

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, *see Murray v. United States*, 487 U.S. 533, 539, 101 L. Ed. 2d 472, 108 S. Ct. 2529 (1988), and especially harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 307-308, 113 L. Ed. 2d 302, 111 S. Ct. 1246 (1991), such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, *see Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308, 91 L. Ed. 2d 249, 106 S. Ct. 2537 (1986), which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487 n.7. This Court need not determine whether any of Plaintiff's claims could have been brought once Plaintiff discovered the underlying facts without attacking his conviction because, in any event, all of Plaintiff's claims accrued no later than when his conviction was overturned on November 1, 2004. Accordingly, these claims must also be dismissed as time-barred.

### 4. Equitable tolling

Plaintiff raises the issue of equitable tolling in his second Response and claims that he could not file this lawsuit earlier because of his "rapid cycling bi-polar, clinical depression, and most important post-tramic [sic] stress disorder associated with his false imprisonment." Dock. #23 at 1. Just as the statute of limitations in a section 1983 claim is governed by state law, so too is the doctrine of equitable tolling. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Colorado law limits equitable tolling to "situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139 (Colo. 2007) (citation omitted).

6

While the Court understands that Plaintiff's incarceration for a conviction that was later overturned could be a traumatic series of events, the Court is struck by the clarity of Plaintiff's first Response to Defendant's Motion to Dismiss and his ability to set forth cogent legal arguments. Although ultimately his arguments are unavailing, his ability to prosecute his case to this point belies his assertions that he was unable to file his lawsuit within the two-year statute of limitations. Moreover, Plaintiff does not set forth his diligent efforts to file prior to July 2007, and any mistake regarding the statute of limitation period or the date upon which Plaintiff's claims accrued does not support equitable tolling. *Malik v. 7/Eleven Store No. 27875*, 74 Fed. Appx. 887, 889-90 (10th Cir. 2003) ("[A] litigant's ignorance of the law does not warrant the extreme and limited remedy of equitable tolling.") (quotations and citation omitted). On the facts before the Court, equitable tolling is not appropriate.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss [Filed October 19, 2007; Docket #13] be **granted**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 12th day of December, 2007.

                                                                                       BY THE COURT:

                                                                                       s/ Michael E. Hegarty
                                                                                       Michael E. Hegarty
                                                                                      United States Magistrate Judge