IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01613–EWN–MEH

MORRIS L. REED,

    Plaintiff,

v.

CITY OF FRUITA, COLORADO,

    Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This is a civil rights case. Plaintiff Morris L. Reed, proceeding *pro se*, alleges that Defendant City of Fruita committed Fourth, Fifth, Sixth, and Fourteenth Amendment violations in the course of his arrest and conviction for assault, resisting arrest, and obstructing a police officer in 1997.

    On October 11, 2007, I referred this case to Magistrate Judge Michael E. Hegarty for pretrial case management and recommendations on dispositive motions, and on December 12, 2007, the magistrate judge recommended that I grant an outstanding motion to dismiss on statute of limitations grounds. This matter is before the court on Defendant's "Motion to Dismiss," filed October 19, 2007, the magistrate judge's recommendation, and Plaintiff's "Answer to Recommendation to Dismiss," filed December 28, 2007. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

# FACTUAL AND PROCEDURAL BACKGROUND

As recounted in the magistrate judge's recommendation, the essential facts pertaining to Defendant's motion to dismiss are as follows:

> Plaintiff alleges that [sic] was arrested on March 6, 1997, and convicted on December 5, 1997, of second degree assault on an officer and resisting arrest. On November 1, 2004, the Colorado Court of Appeals overturned his conviction, and on July 21, 2005, the charges against Plaintiff were dropped. Plaintiff filed this action on July 31, 2007, but argues that his Complaint was mailed to the Clerk's Office prior to that date and received on July 19, 2007. *See* Dock. #3. Plaintiff asserts Fourth Amendment violations for false arrest, false imprisonment, and malicious prosecution; Sixth Amendment violations for withholding impeachment evidence against the arresting officer and witness statements favorable to Plaintiff; and Fifth Amendment due process and Fourteenth Amendment equal protection violations for a "deal" that Plaintiff's attorney made with Defendant's attorney.
>
> Defendant filed the instant Motion to Dismiss on the grounds that the statute of limitations has run for all of Plaintiff's claims, thereby rendering the Complaint time-barred. Defendant relies on the two-year statute of limitations for constitutional claims brought pursuant to 42 U.S.C. § 1983 and argues that the operative date is November 1, 2004, the date upon which Plaintiff's conviction was overturned.
>
> In response, Plaintiff contends that the statute of limitations did not begin to run until the charges against him were dropped on July 21, 2005, because this is the date that the criminal proceedings were terminated in his favor. Dock. #18 at 2. Plaintiff also asserts that a three-year statute of limitations applies to his claim and further points out that his Complaint was mailed to the Clerk's Office prior to July 31, 2007, the date it was entered on the record. Plaintiff later filed a supplemental Response, titled "Answer to Courts Question about not filing for 3yrs after Conviction overturned," in which he claims that he suffers from post-traumatic stress disorder and certain mental disorders that limited his ability to file his Complaint at an earlier date.

(Recommendation on Defs.' [sic] Mot. to Dismiss at 1–2 [filed Dec. 12, 2007].)

On December 12, 2007, the magistrate judge recommended that I grant Defendant's motion to dismiss because: (1) Colorado's two-year statute of limitations for personal injury actions applies to section 1983 claims; (2) Plaintiff's claims for false arrest and false imprisonment accrued in 1997; (3) Plaintiff's claim for malicious prosecution accrued on November 1, 2004, when his conviction was overturned; (4) Plaintiff's claims relating to the withholding of evidence and an unconstitutional "deal" between his lawyer and Defendant's lawyer accrued no later than November 1, 2004; and (5) Plaintiff's allegations of mental illness are insufficient to support equitable tolling. (*Id*. at 3–7.)

On December 28, 2007, Plaintiff objected to this recommendation, arguing that: (1) his claims accrued on July 21, 2005, when the charges against him were dismissed; and (2) any delay in the filing of his complaint should be excused due to mental illness. (Answer to Recommendation to Dismiss at 2–4 [filed Dec. 28, 2007] [hereinafter "Pl.'s Br."].) Defendant did not respond. This matter is ripe for review.

## ANALYSIS

*1.     Legal Standard*

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (2008). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. A *pro se* plaintiff's papers should be construed liberally,

and held to a less stringent standard than formal papers filed by attorneys. *See Truckwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Nonetheless, such liberal construction of a *pro se* plaintiff's complaint "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## 2. *Evaluation*

Federal Rule of Civil Procedure 12(b)(6) "is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines*, 186 F.3d 1301, 1311 n.3 (10th Cir. 1999) *abrogated on other grounds as recognized by Boyer v. Cordant Techs.*, 316 F.3d 1137, 1140 (10th Cir. 2003). When dates given in a complaint make it clear that the right sued upon has been extinguished, "the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

In the instant case, Plaintiff objects to the magistrate judge's recommendation on the grounds that: (1) his claims accrued on July 21, 2005, when the charges against him were dismissed; and (2) any delay in the filing of his complaint should be excused due to mental illness. (Pl.'s Br. at 2–4.) I address each of these objections in turn.

### a. *Accrual Date of Plaintiff's Claims*

Plaintiff first argues that the magistrate judge erred in determining that November 1, 2004, was the latest accrual date of any of his claims, but does not draw any explicit legal

conclusion from this contention. (Pl.'s Br. at 2.) Instead, Plaintiff's entire argument is as follows:

> I don't agree with the courts [sic] accrual dates. "In the absence of a conviction The [sic] Tenth Circuit has held that If [sic] charges are pending a claim cannot be brought untill [sic] the changes are dismissed. [sic] Beck v. City of Muskogee Polic dept. [sic] 195 F.3d 553, 557 (10th Cir 1999) [sic] The Colorado Court of Appeals did not overturn my conviction. The District Court in Mesa County threw out the the [sic] trial which left the original charges Pending [sic].

(Pl.'s Br. at 2.) Liberally construed, Plaintiff's argument appears to be that July 21, 2005, rather than November 1, 2004, is the proper accrual date for some of all of his claims, and that his alleged filing of the instant action on July 19, 2007, consequently satisfies the two-year statute of limitations. More specifically, Plaintiff appears to argue that his claims did not accrue until the prosecutor decided to dismiss the original charges against him rather than retry his case following the Colorado Court of Appeals's invalidation of his original conviction. For the following reasons, I disagree.

While the length of the statute of limitations for a section 1983 claim is determined by the law of the state in which the action arose, "the accrual date of a [section] 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, — U.S. — , 127 S. Ct. 1091, 1095 (2007) (emphasis in original). Instead, claim accrual for a section 1983 claim is governed by "federal rules conforming in general to common-law tort principles," which, in turn, require "a complete and present cause of action." *Id.* (citations and internal quotation marks omitted).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court considered the proper accrual date for section 1983 claims that, if proven, would have established the invalidity of a plaintiff's outstanding conviction. Analogizing to the common law tort of malicious prosecution, which, under general common law principles, requires as one of its elements the termination of the prior criminal proceeding, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 484, 486–87. In Plaintiff's proffered case, *Beck v. City of Muskogee Police Department*, 195 F.3d 553 (10th Cir. 1999), the Tenth Circuit extended *Heck* to section 1983 claims "relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." 195 F.3d at 557. Nonetheless, the Tenth Circuit's extension of *Heck* was effectively overruled by the Supreme Court's recent decision in *Wallace*, as explicitly recognized by at least one court. *See Kucharski v. Leveille*, 526 F. Supp. 2d 768, 774 (E.D. Mich. 2007) (noting that "[i]n *Wallace*[,] . . . the Supreme Court overruled all the precedents in the circuits applying *Heck* to bar section 1983 claims filed by persons with criminal charges pending in state court or deferring the accrual date of such claims," and explicitly citing *Beck*). Specifically, the *Wallace* Court gave a circumscribed reading to *Heck*. 127 S. Ct. at 1097–98. As the Court stated:

> [T]he *Heck* rule for deferred accrual is called into play only when there exists "a conviction or sentence that has *not* been . . . invalidated," that is to say, an "outstanding criminal judgment." It delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn.

*Id.* (emphasis in original). Given this reading, the Court rejected "a principle that goes well beyond *Heck*: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id*. at 1098 (emphasis in original). In rejecting this principle, the Court noted that "[t]he impracticality of such a rule should be obvious[:] . . . it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict . . . ." *Id.*

Given the Supreme Court's overruling of *Beck*, I find that the magistrate judge correctly concluded that November 1, 2004, was the latest date any of Plaintiff's claims could have accrued because that was the date Plaintiff's conviction was set aside. Moreover, I find the fact that Plaintiff's original charges may still have been pending following the invalidation of his sentence irrelevant. *See id.* Accordingly, I find that Plaintiff's claims were time-barred nearly nine months before he filed the instant action, whether or not this action was filed on July 19, 2007.

### b. *Tolling of the Statute of Limitations*

Like the length of statutes of limitation for section 1983 claims, federal courts refer to state law for tolling rules. *Id.*; *see also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). In the instant case, Plaintiff contends that: (1) he was under a "disability" which should have tolled

the statutes of limitations; and (2) equitable tolling should apply. (Pl.'s Br. at 3–4.) I assess each contention in turn.

### i. *Tolling Under a Disability*

Colorado's statutory tolling provisions define a "person under a disability" to include "mental incompetent[s]," and these provisions "suspend the running of the applicable statute of limitations until either the disability is removed . . . or a 'legal representative' is appointed for the 'person under disability.'" Colo. Rev. Stat. § 13–81–101(3) (2008); *Southard v. Miles*, 714 P.2d 891, 897 (Colo. 1986) (citations omitted). Section 27–10.5–135(1) of the Colorado Revised Statutes provides that: "[w]henever the term[]. . . 'mentally or mental incompetent' . . . [is] used in the laws of the state of Colorado, [it] shall be deemed to refer to the insane, as defined in section 16–8–101 C.R.S., or to a person with a developmental disability, as defined in section 27–10.4–102." Colo. Rev. Stat. § 27–10.5–135(1) (2008); *see also Southard*, 714 P.2d at 898–99 (applying a superceded version of section 27–10.5–135[1] in determining whether a plaintiff was "mentally incompetent" for the purposes of Colorado's statutory tolling provisions). A person is insane if he is "so diseased or defective in mind at the time of the commission of [an] act as to be incapable of distinguishing right from wrong," and a person is developmentally disabled if, *inter alia*, he has a disability which manifested before age twenty-two that is "attributable to mental retardation or related conditions which include cerebral palsy, epilepsy, autism, or other neurological conditions." Colo. Rev. Stat. §§ 16–8–101(1), 27–10.5–102(11)(a) (2008).

In objecting to the magistrate judge's recommendation, Plaintiff essentially repeats arguments he made in his sur-reply to Plaintiff's motion to dismiss, alleging that his "rapid cycling Bi-polar [sic], clinical Depression [sic] and most important [sic] post-traumatic stress disorder associated with his false imprisonment," prevented him from timely filing the instant action. (*See* Re: Answer to Courts [sic] Question About Not Filing for 3yrs After Conviction Overturned at 1 [filed Nov. 28, 2007]; Pl.'s Br. at 3–4.) In addition, Plaintiff appends a letter from a nurse reciting that he: (1) "has been portraying the symptoms of lightheadness, poor motor function and disorientation approximately 30 minutes after taking" some unspecified medication; (2) was treated in the hospital on December 13 and 14, 2007, for these symptoms; and (3) was diagnosed at the hospital with "ear infection and hypokalemia."[1] (Pl.'s Br. at 6.) For the following reasons, I find no basis for the tolling of the statute of limitations due to disability.

First, despite making these arguments in his objection to the magistrate judge's recommendation, Plaintiff made no such arguments in his complaint, and thus cannot satisfy his "burden of establishing a factual basis for tolling the statute" with respect to Defendant's motion to dismiss. *See Aldrich*, 627 F.2d at 1041 n.4; *see also Hall*, 935 F.2d at 1110 (stating that *pro se* plaintiff must still "allege sufficient facts on which recognized legal claim could be based"). Moreover, even were I to convert Defendant's motion to dismiss into one for summary judgment, and consider Plaintiff's proffered evidence of mental illness, such evidence would fail

---

[1] Hypokalemia is "a diminished amount of potassium in the blood." *See* 3–H J.E. SCHMIDT, M.D., ATTORNEYS' DICTIONARY OF MEDICINE 5794 (Matthew Bender 2005).

to raise a triable issue of fact as to whether Plaintiff is insane or developmentally disabled because such evidence provides no indication that he: (1) cannot "distinguish[] right from wrong;" or (2) has a disability which manifested before the age of twenty-two "attributable to mental retardation or related conditions." Colo. Rev. Stat. §§ 16–8–101(1), 27–10.5–102(11)(a) (2008). Accordingly, I find that Plaintiff has failed to demonstrate any basis for the tolling of the statute of limitations due to disability.

### ii. *Equitable Tolling*

In addition to Colorado's statutory tolling provisions, Colorado case law recognizes the doctrine of equitable tolling, but limits it "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (citation and internal quotation marks omitted). Colorado courts holds that the doctrine is "not favored," and the Colorado Supreme Court "has never found" the requisite "extraordinary circumstances" to exist. *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 858 (Colo. Ct. App. 2007); *Brodeur*, 169 P.3d at 150. For the following reasons, I agree with the magistrate judge's conclusion that equitable tolling does not apply to toll the statute of limitations.

First, as indicated above, Plaintiff made no arguments in his complaint suggesting that equitable tolling should apply. Second, Plaintiff's argument in his objection to the magistrate judge's recommendation falls far short of suggesting that Defendant "wrongfully impeded

-10-

[Plaintiff's] ability to bring" his suit, or that any "extraordinary circumstances" justify tolling the statute of limitations. *Brodeur*, 169 P.3d at 149. Plaintiff's entire argument is:

> [A]s for the Equitable [sic] tolling, I will never Be [sic] able to explain in words why I could not force my self [sic] to work on this. I repeatedly tried to find an attorney but was unsuccessful. I have been in treatment since September that is why between therapy [and] medication my ability to do this has increased. If the courts look at my first complaint It [sic] can see how my work has gotten better over time.

(Pl.'s Br. at 3.) I find this explanation insufficient to suggest "extraordinary circumstances prevent[ing] [Plaintiff] from filing his or her claim despite diligent efforts." *Brodeur*, 169 P.3d at 149. Indeed, Plaintiff's argument indicates that his efforts were *not* diligent because he admits that he could not "force [him]self" to work on his case for reasons he is "[un]able to explain." (Pl.'s Br. at 3.) Moreover, Plaintiff has cited no "extraordinary circumstances" persisting from November 2004 to November 2006 that prevented him from filing the instant action despite diligent efforts. *Brodeur*, 169 P.3d at 149. Finally, to the extent that Plaintiff's equitable tolling arguments is premised upon his alleged mental illness, he has cited no law — and this court is aware of none — suggesting that mental disability which falls short of the express tolling requirements under Colorado statutes may nonetheless satisfy the requirements of equitable tolling. Accordingly, for the foregoing reasons, I find that the magistrate judge correctly concluded that equitable tolling does not apply to toll the statute of limitations.

3.  *Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. Plaintiff's objection to the magistrate judge's recommendation (# 29) is OVERRULED; and

2. Defendant's motion to dismiss (#13) is GRANTED.

The clerk shall forthwith enter judgment in favor of Defendant and against Plaintiff, dismissing all of Plaintiff's claims with prejudice. Defendant may have its costs by filing a bill of costs within eleven days of the date of this order.

Dated this 8th day of July, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge